UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>SHALANA,<br><br>Defendant. | CAUSE NO. 3:25-CV-365-JTM-AZ |

OPINION and ORDER

Jermaine Scott, a prisoner without a lawyer, filed a complaint against Nurse Shalana alleging she violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical needs in February 2025. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott, who is housed at Miami Correctional Facility, alleges that on February 15, 2025, at about 8:00 a.m., Ofc. Kreger called the medical unit to request a wheelchair or crutches because he was unable to walk to the unit to be triaged. (DE # 1 at 2.) Nurse Shalana answered the phone and told Ofc. Kreger that, if Scott wanted to be triaged, he

had to "hop" to the medical unit because he was not getting a wheelchair or crutches. *Id*. Scott alleges that Nurse Shalana was deliberately indifferent to his medical needs because she denied him medical treatment on February 15, 2025, which violated his Eighth Amendment rights. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer,* 511 U.S. at 834. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Because there is no one right way to practice medicine in the prison setting, courts must "defer to medical professionals' treatment decisions unless there is

evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Persisting with a course of treatment known to be ineffective can amount to deliberate indifference. *Id.* "Mere negligence will not suffice, and deliberate indifference is not coextensive with medical malpractice." *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024).

The allegations in Scott's complaint do not permit a plausible inference that Nurse Shalana was deliberately indifferent to his medical needs on February 15, 2025. Here, Scott has not described his medical condition and why he was unable to walk or hop to the medical unit. Without additional details, the court cannot properly evaluate his allegations. In other words, Scott's allegations are too vague to state a claim.

As explained above, this complaint does not state a claim for which relief can be granted. If Scott believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jermaine Scott until **October 13, 2025**, to file an amended complaint; and

(2) CAUTIONS Jermaine Scott that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: September 11, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT